(113 So. 494)

WHETSTONE v. STATE. (4 Div. 295.)

Court of Appeals of Alabama. May 24, 1927.

Rehearing Denied June 7, 1927.

Sollie & Sollie, of Ozark, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

BRICKEN, P. J. In this case the evidence adduced upon the trial in the lower court disclosed, without dispute or conflict, that the defendant killed Ozie Glenn, the deceased named in the indictment, by cutting him with a knife as therein charged. Upon the trial he was convicted by the jury of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for a term of two years. From the judgment of conviction this appeal was taken.

The defendant interposed a plea of not guilty, and relied upon self-defense to justify his action in taking the life of deceased.

The court properly overruled defendant's motion to exclude the evidence at the conclusion of the evidence for the state. The corpus delicti was proven, and the evidence was ample to submit to the jury the question of the guilt or innocence of the defendant. For like reason the affirmative charge requested by defendant was properly refused.

The several exceptions reserved to the rulings of the court upon the admission of

evidence given by state witness, Dr. A. D. Matthews, contain no merit. There was no controversy relative to defendant having cut the deceased and that he died in a very few minutes thereafter. The witness was a regular practicing physician of twelve years' standing, and testified "that as such he had experience in the observation of wounds and cuts and stabs, and had had experience along that line." He was properly allowed to describe the location and character of the wound found upon deceased, and to state that "in his best judgment his death was caused thereby." Moreover, there was no controversy as to this fact. Nor was there error in any of the court's rulings upon the evidence given by state witness Towns. Several exceptions were reserved in this connection, but the questions propounded and the answers given by the witness could in no manner injuriously affect the substantial rights of the accused. We apprehend this inquiry was indulged with a view to showing motive upon the part of the accused, and this is always a legitimate subject of inquiry. The rule is that it is not necessary to prove motive, but evidence thereof is admissible. The probative force of such evidence is for the jury. The witness Towns was manifestly friendly to defendant. He gave evidence of defendant's general good character, and to his good character for peace and quiet, etc.; and the evidence of this witness complained of, and to which exceptions were reserved, was merely to the effect that both of the parties had been to the house of the Tullis woman on prior occasions, and that the witness had seen the deceased, Ozie Glenn, about 9 o'clock in the morning of the day of the killing, which happened about dark. We will not put the court in error because of these rulings, for, as stated, the substantial rights of defendant were not injuriously affected.

The court properly ruled that the defendant could not be permitted to show that on the night of the killing "he looked for Mr. White." The accused was allowed to explain his whereabouts after the killing. He was allowed to state that after the difficulty "I went to my boarding room. I stayed in the road that night. I come on to Ozark." And to later state, "I went to Dothan, and stayed there a week. Then I went down here in jail," etc.

The evidence discloses there was an altercation between deceased and defendant. The accused was allowed to give his version thereof fully and without objection, and it was for the jury to decide from all the evidence whether or not the defendant was justifiable under the law as given to the jury by the court. The court's charge to the jury was full and explicit, and was extremely fair to defendant. In addition to the oral charge, the court gave also several very favorable charges in writing at the instance of defend-

ant. We are of the opinion that the accused was accorded a fair and impartial trial without prejudicial error. The motion for a new trial was without merit. Let the judgment of conviction appealed from stand affirmed.

Affirmed.